LAMPERT DAIRY FARM, INC., A CORPORATION OF THE STATE OF NEW JERSEY, THOMAS SUDZIN AND LOUIS SUDZIN, t/a MAPLEHURST FARMS AND NORMAN HALPERN AND HERBERT HALPERN, t/a CORNELL DAIRY FARMS, APPELLANTS, AND GARDEN STATE FARMS, INC., INTERVENING APPELLANT, v. FLOYD R. HOFFMAN, DIRECTOR, OFFICE OF MILK INDUSTRY, AND DAIRY PROCESSORS AND HANDLERS OF NEW JERSEY, INC., RESPONDENTS, AND BORDENS FARM PRODUCTS CO. OF NEW JERSEY, *ET AL.*, AND ATZINGEN-WHITEHOUSE DAIRIES, INC., *ET AL.*, INTERVENING RESPONDENTS.

Argued June 5, 1961—Decided June 30, 1961.

*Mr. David I. Stepacoff* argued the cause for the appellants.

*Mr. Nicholas Martini* argued the cause for the intervening appellant.

*Mr. William D. Hill* argued the cause for the respondent, Floyd R. Hoffman, Director, Office of Milk Industry (*Mr. David D. Furman,* Attorney General of New Jersey, attorney).

*Mr. Arthur J. Sills* argued the cause for the respondents, Dairy Processors and Handlers of New Jersey, Inc. and intervening respondents, Atzingen-Whitehouse Dairies, Inc., *et al.* (*Messrs. Wilentz, Goldman, Spitzer & Sills,* attorneys; *Mr. Frederick K. Becker,* on the brief).

*Mr. Willis F. Daniels,* of the Pennsylvania Bar, argued the cause for intervening respondents, Bordens Farm Products Co. of New Jersey, *et al.* (*Mr. Richard W. DeKorte,* attorney, and on the brief).

PER CURIAM. This is an appeal from an order of the Office of Milk Industry (OMI) which establishes a sliding scale of minimum prices for the resale of milk in the thirteen northern counties of this state. The appeal was certified before argument in the Appellate Division. We have decided to remand to the Director of OMI for a further hearing, compilation of a more complete record, and further findings of fact. The reason for our action follows.

Appellants are bulk or jug-sales dealers—that is, the primary part of their operations concerns the sale of milk for consumption in one-half gallon and gallon containers. They argue, *inter alia,* that the order from which they appeal (Order 60–4) will force them to sell above previous OMI minimums at which they were operating with a profit; and that it therefore adversely affects their competitive market position and the interests of the consuming public. In particular, they argue that Order 60–4 raises the minimum resale price for jug milk without a prior investigation of the effect upon bulk dealers and the consumers. From what we understand, the same argument could be advanced by dealers who primarily sell milk from vending machines.

The order promulgated by the Director of OMI establishes a formula which gears minimum resale prices to monthly fluctuations in the governmentally-prescribed minimum producer price—that is, the price charged for raw milk by the farmer. It is undisputed that Order 60–4 will have the effect of raising all resale minimums, including jug and vending machine sales, above what they were in 1960 except possibly for the months of May and June. The reason for this is the nature of the corresponding producer and OMI minimums which the Director selected as the fulcrum or reference point for his formula. He correlated the 1960 resale minimums with what has historically been the annual low, May-June, minimum producer price of approximately $4.88 per hundredweight of raw milk. Since the May-June producer minimum will go up in succeeding months, the corresponding minimum resale prices, which were formerly in effect for the latter part of 1960, will go up until they hit an historic high in the fall.

The Director apparently related the 1960 OMI resale minimums to the annual low minimum producer price because he found, on the basis of evidence submitted at the hearing which preceded the promulgation of his order, that the 1960 OMI minimums corresponded to the "actual cost situation during the May-June period." In other words, he wanted the resale minimums to be no lower than the lowest prices at which dealers could sell and still make a reasonable profit.

From our examination of the record, we think the Director's decision to relate the May-June producer minimum to the 1960 resale minimums was not based upon adequate or complete data as to the cost situation in the milk industry and the effect upon the consuming public. His conclusion that the 1960 resale minimums corresponded to the actual cost situation in the May-June period was based upon a composite profit-and-loss statement prepared by a public accounting firm at the request of the intervening respondents —a number of milk dealers in northern New Jersey. That

statement incorporated the operations of twelve northern New Jersey dealers for the preceding accounting year. Although there was testimony that the twelve dealers represented a cross section of the industry, it appears from the record that they were not, like appellants, bulk sales dealers. Some of them sell milk in half gallon and gallon jugs, but these sales apparently do not represent the predominant part of their operations. Accordingly, the resale minimums, established by the formula embodied in Order 60–4, may be higher than the lowest prices at which jug sales and vending machine dealers can sell to the public at a reasonable profit (the standard established by the Director as the basis of his formula). This fact may or may not have an effect upon the figures used by the Director as his basic reference point. But since the consuming public, as well as appellants, may be adversely affected by an increase at least in the minimums for jug and vending machine sales, we believe the record and the Director's findings should clearly disclose that consideration is given to this matter before the establishment of any formula.

We are remanding the cause to the Director for the following action: he is to hold a hearing upon notice and compile a supplement to the existing record to include evidence of the cost factors in the milk processing operations of bulk sales and vending machine dealers (as we have defined those terms). We expect him to make a finding as to the lowest prices these types of dealers can ask for their milk and still operate at a reasonable profit. If those minimums are lower than the prices resulting from the operation of the formula in Order 60–4, we expect the Director to consider and make findings as to what effect that fact should have upon readjustment of the figures used in the order. If he concludes that readjustment is necessary, he should enter an appropriate order superseding Order 60–4. If he concludes that readjustment is unnecessary, we expect that he will make such a finding and indicate the reasons upon which the finding is based.

We shall retain jurisdiction of this appeal pending the remand. This appeal shall be scheduled for argument on the opening day of this court's September term. The hearing conducted pursuant to our remand shall be held sufficiently in advance of that day so that present or other interested parties can file additional briefs. In the meantime, the operation of Order 60–4 is stayed and Order 60–1, embodying the 1960 resale minimums, is reinstated.

*For reversal*—Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For affirmance*—None.